UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Nicholas E. Saykaly

   v.                                              Civil No. 23-cv-289-SE

Hon. Patrick E. Donovan
William J. Quinn
Amanda Beth Colburn-Saykaly

**REPORT AND RECOMMENDEDATION**

Pro se plaintiff Nicholas E. Saykaly, appearing in forma pauperis, filed a complaint (Doc. No. 1) against Amanda Beth Colburn-Saykaly,[1] William J. Quinn (her attorney), and New Hampshire Supreme Court Justice Patrick E. Donovan.  Mr. Saykaly's complaint is before the undersigned magistrate Judge for preliminary review. See LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

**Standard of Review**

The magistrate judge conducts a preliminary review of pleadings, like Mr. Saykaly's, that are filed in forma pauperis. See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is

---

[1] At the time the complaint was filed, plaintiff and Ms. Colburn Saykaly were involved in divorce proceedings. See Compl. Add. (Doc. No. 1-1) at 8.

immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

In connection with Mr. Saykaly's divorce proceedings, Justice Donovan found that certain of Mr. Saykaly's New Hampshire Supreme Court filings were frivolous and ultimately awarded attorney's fees to Amanda Beth Colburn Saykaly's attorney, defendant William Quinn. See Order, Petition of Nicholas Saykaly, No. 2022-0064 (N.H. Feb. 8, 2023) (Doc. No. 1-1 at 10). Pursuant to New Hampshire Supreme Court Rule 21(7),[2] Justice Donovan was the only Justice to preside over the attorney's fee hearing and he entered the fee Order. Mr.

---

[2] As relevant here, N.H. Sup. Ct. R. 21(7) provides that "[a] single justice may rule on all non-dispositive motions and may issue any non-dispositive order . . . Any order of a single justice shall state which justice so ruled.

2

Saykaly asserts that such a "single justice order" violates N.H. Rev. Stat. Ann. § 490:7, captioned "Quorum," which provides in relevant part that "[s}essions of the court shall be held by at least 3 supreme court justices. A lesser number, or the clerk, if no justice attends, may adjourn the sessions from day to day until 3 justices attend."

Invoking 42 U.S.C § 1983,[3] Mr. Saykaly claims that Justice Donovan's alleged violation of New Hampshire law violated his Fourteenth Amendment right to equal protection. He asserts the same claim against the other defendants based on their participation in the single-Justice session. Mr. Saykaly seeks a declaratory judgment reflecting the illegality of the February 8, 2023 hearing, an injunction preventing enforcement of the judgment, and an order directing the defendants to return their "ill-gotten gains." Compl. (Doc. No. 1) at 5.

## Discussion

The gist of Mr. Saykaly's claim is that Justice Donovan failed to follow New Hampshire law when held the February 8, 2023 hearing and subsequently issued an order on the attorney's fees issue. Ultimately, he asks this court to set aside Justice Donovan's order due to its "illegality." This relief is barred

---

[3] Section 1983 provides a cause of action for the deprivation of a federally secured right by a person "acting under the color of state law." Doucette v. Georgetown Pub. Sch., 936 F.3d 16, 23 (1st Cir. 2019).

by the Rooker-Feldman doctrine, pursuant to which "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006).[4] That doctrine exists to prevent precisely this type of action: a "case[ ] brought by [a] state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The appropriate forum for Mr. Saykaly to have sought relief from Justice Donovan's order would have been a motion to reconsider, which would have been "referred to the court for decision," N.H. Sup. Ct. R. 27(9), and, if necessary, a petition for a writ of certiorari to the United States Supreme Court. See Efreom v. McKee, No. 21-1382, 2022 WL 3483975, at *5 (1st Cir. Aug. 18, 2022) (noting that "only the Supreme Court has jurisdiction to review the decision of a state court in civil litigation." (quoting Exxon Mobil Corp., 544 U.S. at 287)).

"When Rooker-Feldman applies, this court lacks subject matter jurisdiction to review a state court judgment even if the

---

[4] The Rooker-Feldman doctrine derives from two cases: Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923) and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

judgment is wrong or was entered following patently unconstitutional proceedings." Brady v. Howard, No. 21-cv-614-PB, 2022 WL 88159, at *3 (D.N.H. Jan. 7, 2022) (citing Feldman, 460 U.S. at 486), aff'd, No. 22-1060 (1st Cir. Sept. 8, 2023). Accordingly, the district court should dismiss this case for lack of subject matter jurisdiction.

B. Judicial Immunity

In addition to application of the Rooker-Feldman doctrine, absolute judicial immunity also bars Mr. Saykaly's claim against Justice Donovan. "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). This holds true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." E.g., Stump v. Sparkman, 435 U.S. 349, 356 (1978); accord Zenon, 924 F.3d at 616 ("The breadth of [judicial immunity] is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith."). "[A]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." Zenon, 924 F.3d at 617 n.10 (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)). Even "grave procedural errors" are not enough to support a claim against a judge. Stump v. Sparkman, 435 U.S. 349, 359, (1978).

5

Whether judicial immunity applies to a particular case is determined by the nature of the act complained of, rather than the simple fact that the defendant is a judge. Forrester v. White, 484 U.S. 219, 227 (1988) (observing that "immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches"). Particularly relevant to this case is the principle that judicial immunity serves, primarily, "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." Id. at 225. Additionally, judicial immunity serves to "protect[ ] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." Id.

To determine if the judge is entitled to the full protection of the doctrine, the Supreme Court has assessed whether the judge's act was one normally performed by a judge, and whether the parties were dealing with the judge in his or her judicial capacity. Strahan v. McNamara, No. 22-CV-391-SM-TSM, 2023 WL 5237915, at *2 (D.N.H. Aug. 15, 2023). Here, there can be no reasonable dispute that in conducting the February 8, 2023 hearing, the parties were "dealing with [Justice Donovan] in his . . . judicial capacity" and that Justice Donovan was performing an act "normally performed by a judge." Id. Accordingly, should the district judge decline to dismiss this

case pursuant to the Rooker-Feldman doctrine, the claim against Justice Donovan should be dismissed because he is immune from suit.

C. Defendants Quinn and Colburn-Saykaly

Mr. Saykaly's claim against the remaining defendants is that they violated his civil rights by scheduling and participating in the "illegal" New Hampshire Supreme Court hearing. Compl. Add. (Doc. No. 1-1) ¶¶ 2,3.  The complaint lacks any factual support for the implied assertion that either Attorney Quinn or Ms. Colburn-Saykaly played any role in the scheduling of the attorney's fee hearing before a single justice.

Another basis for dismissal of these defendants is that private actors generally cannot be held liable for violations of an individual's federal constitutional rights. See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cty. v. Dodson, 454 U.S. 312 (1981)); see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296-97 (2001) (collecting cases on various circumstances in which an ostensibly private actor has been treated as a state actor for purposes of section 1983). One such exception giving rise to a private party's liability occurs when that party conspires with state actors. See McGillicuddy v. Clements, 746 F.2d 76, 77 (1st Cir. 1984). For this exception to apply, a plaintiff must plead

7

"the relationship or nature of cooperation between the state and a private individual . . . in some detail." Id. (quotation omitted). Here, as noted above, the only allegations against defendants Quinn and Colburn-Saykaly is that they participated in a hearing scheduled by the State Supreme Court and "[made] filings." Compl. Add. (Doc. No. 1-1) ¶ 2. These allegations insufficient to impart "state actor" status to these defendants.

Accordingly, should the district judge decline to dismiss this case pursuant to the Rooker-Feldman doctrine, it should dismiss the claim against these defendants for failure to state a cause of action for which relief can be granted.

## Conclusion

Based on the foregoing, this case should be dismissed. Pursuant to the Rooker-Feldman doctrine, the court lacks subject matter jurisdiction. In the alternative, the claim against Justice Donovan should be dismissed as he is immune from suit and the claim against the other defendants should be dismissed because the complaint fails to state a claim for relief against them. If the district court dismisses this case, it should also deny the following motions as moot: 1) plaintiff's motion to participate in electronic filing (Doc. No. 3); 2) plaintiff's emergency motion to correct the record (Doc. No. 4); 3) plaintiff's motion to bring forward emergency motion (Doc. No. 7); and 4) plaintiff's motion for clarification (Doc. No. 8).

8

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'" Id. Additionally, any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

October 3, 2023

cc:   Nicholas E. Saykaly, pro se